Your Honor, may it please the Court, counsel, my name is, excuse me, Charles Markley. I represented the plaintiffs in this case at the trial court level as well. This is a case involving redress of a wrongful foreclosure and eviction of a couple from their home which had been in the family for over 100 years. The trial court dismissed the plaintiff's case on the basis of Rooker-Feldman. The issue concerning Rooker-Feldman is completely answered by the Cugasian case that we've cited to the Court, Ninth Circuit case. In Cugasian, the defendant allegedly submitted a state court, to the state court, a false declaration in a wrongful death case that Cugasian had brought in state court. The defendant supposedly submitted a false declaration in that case in support of their summary judgment. Summary judgment was granted by the state court. Later, the plaintiff, Mrs. Cugasian, filed an action in U.S. District Court. That was dismissed on the basis of Rooker-Feldman, and the case came to this Court. This Court said that if a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. The case now before the Court is qualitatively no different from the Cugasian case. And we should make a distinction because we've argued vociferously that we're not talking about an error by the state court. We're talking about a wrongful act by the defendant. Now, I'd point out that in both Cugasian and in this case, both of those parties were upset with the state court judgment. They both thought that that state court judgment should not have been entered. It was wrongly entered. Both Cugasian and the case in front of you, the parties wished to escape the wrongful effects of that wrongly entered state court judgment. They both contended that the judgment was wrong. It was wrong. This is a 1983 case that you brought here. What is the constitutional violation that you are asserting with respect to following the Cugasian case, for example? Your Honor, that wasn't the issue that the case was decided on in the district court, but we're contending that it's a violation under Section 1983 of the Due Process Clause. And we've cited cases, although the issue did not come up in the state court, or I'm sorry, at the federal court district court level, but it is based on Section 1983. And the case that we are really, that we will be arguing when we get back to the district court level is the U.S. Supreme Court case of Lugar v. Edmondson Oil, 457 U.S. 922, which, and there's a long line of U.S. Supreme Court cases on wrongful conduct by a creditor, and then the debtor coming into U.S. district court filing a civil rights action. Lugar is just one of the cases of many that bring up the civil rights violations. But in both Cugasian and this case, the state court judgment was wrongly entered, not because the trial judge erred, not because there was a mistake, but it was because of the wrongful conduct of the federal court defendants in that case, misleading the state court to the point that the state court then entered a judgment against them at the state court level. I would like to return to the question that Judge O'Scanlan asked, because it concerns me. I understood the district court to have held in the alternative that the complaint did not allege sufficient facts to demonstrate joint action with the state, and therefore the state action that's required to maintain a federal claim. And what are the facts that are alleged and that are before us to show state action? State action, Your Honor, as we cited to this court, this court's decision in Howerton v. Gabesia, I think, completely answers that particular issue. And that, as this court said in that case, that when you show a nexus between the state actors and the private actors, that is enough to ---- But they're not acting on behalf of the state. Oh, no, we're not acting on behalf of the state. So if they're not acting on behalf of the state or with the interests of the state in mind, where is their state action? Your Honor, just as in the Lugar cases and the other predator cases that have come in front of the federal courts, including the Supreme Court, there is a participation by the private actor with the state court, the innocent participant with the state court. Are you trying to ---- Is that like a conspiracy that you're saying? Is that what ---- Are you alleging a conspiracy with the state actor? I'm not alleging a conspiracy, no. No, I don't. We're not alleging any wrongful conduct on the part of the state. The state was an innocent participant because the judgment was presented to the court. The judge did the right thing with what the judge had in front of him, just like the judge in Cugasi. All right. Well, I'm a little confused then. I look at your section or paragraph 17 of your complaint, if you want to have a look at it, as the principal allegation of joint action which gives you a 1983 claim. Am I misreading that? In other words, you're saying that the bank, in effect, got to the sheriff by asserting that because of Mr. Royster's previous military experience that he might present a danger and that might be enough to establish joint action which would bring you within 1983. Am I wrong? Yes, Your Honor. We are not appealing the dismissal of paragraph 17. We are the wrongful force issues. We are not appealing that. The trial judge ruled against us. I might say, Your Honor, 10 minutes is precious little time to argue this particular case, and I'm almost out of time, and I haven't covered hardly anything in it. But we are not appealing paragraph 17 at all as far as I'm concerned. Well, I need to be assured then. In effect, you're going to rely on the bankruptcy claim and the state claims rather than the 1983 claim? Is that where we are now? No, Your Honor. We contend that the defendant's action, Wachovia Bank's action, in this case, in misleading the trial court judge to entry of the judgment, and we've specified, I believe, five separate incidents of what the Wachovia Bank did wrongly in procuring the judgment. We contend that those are Section 1983 violations. Now, the question of whether or not those are Section 1983 violations was not brought up at the trial court, and it's not on appeal. The trial court judge dismissed those allegations, those allegations, on the basis of Rooker Feldman. The trial court dismissed the excessive force, the sheriff evicting them, on the basis of no state action. We are not appealing that. The trial court dismissed the issue of the state action in the foreclosure on the basis that there was no state action there. We are not appealing that issue either. We are only appealing the five issues where the – that we contend Wachovia Bank did wrongly in procuring their judgment. What is the Federal jurisdictional basis for – if everything else is out of the case, what is the Federal jurisdictional basis which remains with respect to those five elements you refer to? Your Honor, it hasn't been briefed at either the trial court level or this court level. But as I mentioned, the Lugar case that I mentioned and the Howerton case that I've already mentioned to the Court, both of those, and there's one other case, the U.S. Supreme Court case of Logan v. Zimmerman Brush, 455 U.S. 422. Again, these issues did not come up at the trial court level, so we're not – I'm not really prepared to argue those extensively in front of the Court today. And I was hoping to preserve a couple minutes for rebuttal. We understand, counsel. Thank you. We'll hear from the other side. May it please the Court, Tom Johnson for appellee Wachovia. The appellants here seek to avoid Rooker-Feldman by repackaging their State case as a Federal civil rights action. Let me ask you to take up a conversation to have with Mr. Markley. What is the Federal jurisdictional basis for this case if they're not appealing the denial of 1983 claim? It is a Federal question. They are alleging there are, in I think paragraph 21 of their complaint, there are five counts that still remain. We contend that there is no subject matter jurisdiction, though, because of the Rooker-Feldman doctrine over 21, subparagraph B, C, D, E, and F. Well, here's my problem with your – I don't understand the difference between – theoretically between this case and Kugazian. Pardon me. I don't understand the difference between the allegations here and the allegations in Kugazian which were held not to be barred by Rooker-Feldman because there's no allegation of legal error by the State court here. There's an allegation of wrongful conduct by your client. With respect to Kugazian, I think that this case is very different from that case, Your Honor. Kugazian involved a claim in the Federal court after an entire State court litigation, a claim in the Federal court of abusive process and fraud. The basis of the claim in Kugazian was that there was a doctored declaration that was submitted late in the process, and the parties – there was no contact information on the declaration. So the parties in the State court proceeding had no opportunity to challenge that evidence, and that was the basis of a Federal abusive process and fraud claim in Federal court. Here, by contrast, the notice issues that they raise here as being extrinsic fraud and conduct against the defendants was entirely addressed in the State court proceeding. If you look at the motion to vacate the default judgment, the eviction proceeding in the State court, the notice issues that are raised here that are the basis of the extrinsic fraud where they're trying to fit under Kugazian were entirely addressed in that proceeding. And that's why we attached in the supplemental excerpts of record a 17-page transcript from the motion to vacate the default judgment in front of the State county court in Oregon where the parties totally addressed those issues. And so the only way they're trying to move it around Rooker-Feldman here in addition to that is really by putting a constitutional gloss on it. My sense of Kugazian is, you know, this is going to be stated imprecisely, is that Rooker-Feldman is overused and that what the more precise issue is claim or issue preclusion. So what you're saying is these issues were actually litigated somewhere else and they've already lost. But I'm not sure that's Rooker-Feldman so much as it is claim preclusion. You still might win, but why isn't it more properly viewed as a matter of preclusion? The courts have said in recent years, in the Exxon Mobil case in the Supreme Court a couple of years ago, have said that, yes, claim preclusion is something that sometimes litigants use also. And we've put that in a footnote as another argument that we use. But I think that these claims fall squarely under Rooker-Feldman for a few reasons. First, if you look at the nature of the remedy that they seek here, they seek possession of their home. That is, in essence, what was litigated before the state court. The state court litigated an eviction proceeding and there was an entire motion to vacate that default judgment litigated with the same notice issues that they're raising here as constitutional claims.  Excerpts of record, pages 21 and 23, they raise those same constitutional arguments. They raise the notice issues in Oregon State Court involved with ORS 105 and ORCP 69. They raise those as constitutional claims there. So it's not a claim preclusion issue as much as a state court loser seeking to appeal their state court judgment. I don't understand why you're insisting so much on putting it in that pigeonhole when it presumably is to your client gets the same result either way. I guess I don't understand why you're adamant on that point. I don't. I mean, if this court were to uphold, affirm on other grounds in terms of collateral estoppel, I'm sure my client would be fine. But I think that the logic of this case puts itself more squarely under Rooker-Feldman. And the point that was raised, I think, by Judge O'Scanlan with Mr. Markley was the point about state or maybe Judge Graber, the point about state action. There's really an intenable position for the plaintiff, the appellant here, with respect to state action. They are, in order to get their claim under 1983, they need state action. Well, what about paragraph 17? It seems to me there's a very clear assertion. Wachovia instructed the sheriff, a state actor, and was that Mr. Roycer would be expected to present a danger to the sheriff. And in accordance with this, the sheriffs used excessive force. Is that still in this case or not? No, that is not. Well, then why are we talking about state action or joint action? Because I think the state action issue for the appellant here demonstrates why there is no Rooker-Feldman precludes this action. You're looking at paragraph 21. Yes. Okay. The only ñ in order to get around Rooker-Feldman, the appellants have to say we're not challenging the state court decision. So they have to distance themselves from state action. But in order to have a 1983 claim, they have to show state action. And so the only state action remaining here is not the sheriff or anyone else. It is the state court or the state court clerk in paragraph 21. That's the only state action left. So under the Haggerty case ñ What was the state action in Cagazian? Or was there? There was state action ñ I can't remember the procedural posture of that. But it clearly was not, as here, the state action, the joint action being alleged, the state action of the state court itself. And that's the Haggerty case, which, ironically, Judge Haggerty cited below. In that case, when you're alleging as a 1983 claim, seeking to repackage your state case as a 1983 case, if you're doing it against the state judges, that's where you get into problems under Rooker-Feldman, because that pulls you into challenging the state court judgment. And that is what they are doing here. They are asserting as a legal wrong the state court judgment. Do you think that does ñ Now, it does use the word sheriff. So does that ñ is that enough to protect them? No. Because that claim has now been dropped. It was ñ Well, I'm talking 21A. Excuse me, in 21. 21G also. Yes. But it says the Washington County officers, clerks, judges, and sheriffs under color of law. Yes. But Judge Haggerty below dropped, dismissed the case on state action as to the sheriff allegations. And those allegations have not been, which is, I think, 21G. 21G. Those actions have ñ those allegations have been dropped at the appellate level, as Mr. Martin stated. So that's the excessive force. 21G is the excessive force allegation, which is sort of a parallel to paragraph 17.  The only state action ñ Well, what about ñ did they still ñ did they allege that the state court returned their filing to the wrong address, that Wachovia failed to give the 10 days' notices required by state law, and the state still went ahead and entered a default? Is that still before us? That is the ñ yes. That is the basis of their ñ Well, is that some sort of skeletal allegation of a conspiracy between all of them, or is that ñ you know, we're talking 12B6. Yes. I don't think ñ and you'd have to ask Mr. Markley exactly what the allegation is ñ that they are alleging some kind of a conspiracy here between the state court and the Wachovia. And I think that they ñ the problem that they have is that would be a very, you know, kind of foolish thing for them to do because then that would just pull them right into Rooker-Feldman because then they would be challenging the state court judgment or the act of the state court in some kind of an affirmative way. The entire basis of their state action is ñ in terms of the court is just to get them through 1983, but they want to distance themselves from anything the state court did in any way because then it's like a tractor being ñ pulling them right into Rooker-Feldman because they are then, in essence, challenging the state court judgment, which is what our position is with respect to what they are doing. Thank you, counsel. Your time has expired. I've got a question I'd like to ask Mr. Markley if there's no objection from the colleagues. None at all. Go right ahead. I'm still confused about the role of the word ìsheriffsî here. Is it your position that obviously you've already indicated excessive force is out of the picture. Is there any other State actor other than judicial people? By that I mean judges, clerks, whatever. Is there any other State actor still in the picture? Yes, Your Honor, there is. In paragraph 21 of the complaint, we complain that Wachovia and Washington Mutual acted jointly with Washington County officers, clerks, judges, and sheriffs under color of law in violation of their constitutional rights. And we picked that language right out of this Court's opinion in the Howerton case. Okay. But my concern is this. As you can tell, we have some concern about how strong an argument you might have with respect to anybody that's involved in the judicial process. My question is, is there any other State actor other than people involved with the courts, such as sheriffs, that are still in this appeal? No, Your Honor. It was the participation of the courts. And where we got that from, though, is from quoting. Frankly, it's almost a direct quote from your Howerton opinion, what we have there, and almost a direct quote from the Supreme Court's Lugar v. Edmondson case, where the Court specifically says, after a long list of cases, saying, in each of those cases, State agents aided the creditor in securing the disputed property, State judicial agents, or sheriffs and clerks and bailiffs, in procuring them. And in each case, this Court found liability on the part. That was in the Lugar case. The Howerton case for the State action says, we note that when the claim is that the would establish both State action and action under cover of law. Thank you. Thank you, counsel. Any other questions? Thank you, counsel. Thank you. The case just argued will be submitted for decision. And we will now hear argument in Tualatin Valley Builders v. United States. Thank you, counsel. Thank you.
judges: O'scannlain, Graber, Callahan